Greg R. Davis, Esq. – SBN 014387
Robin L. Dugas, Esq. – SBN 022860
**DAVIS FAAS BLASE, LLC**
11111 North Scottsdale Road, Suite 225
Scottsdale, Arizona 85254-6732
Phone: 602.279.1900
Fax: 602.279.1920
Email: Greg.Davis@DFBLawyers.com
Website: DFBLawyers.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Paul Nickolas,<br><br>Plaintiff,<br><br>v.<br><br>The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR8 Mortgage Pass-Through Certificates Series 2006-AR8; Structured Asset Mortgage Investments II Trust 2006-AR8 Mortgage Pass-Through Certificates Series 2006-AR8; Structured Asset Mortgage Investments II Inc.; John & Jane Does I-X; Black Partnerships I-X; White Corporations I-X; Green Limited Liability Companies I-X; Blue Trusts I-X,<br><br>Defendants. | Case No.: CV-<br><br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff, Steven Paul Nickolas, by and through undersigned counsel, for his Complaint, hereby alleges and states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, Steven Paul Nickolas ("**Nickolas**"), is a married man, residing in Maricopa County, Arizona. At all times relevant hereto, Nickolas has acted and is acting in his sole and separate capacity.

2. Upon information and belief, Defendant, The Bank of New York Mellon f/k/a The Bank of New York ("**BONY**") as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR8 Mortgage Pass-Through Certificates Series 2006-AR8, is a banking corporation organized pursuant to the laws of the State of New York, and headquartered at 225 Liberty St, New York, New York 10286. BONY is therefore a citizen of New York for the purposes of determining diversity of citizenship under 28 U.S.C. § 1332(c)(1).

3. Upon information and belief, Defendant, Structured Asset Mortgage Investments II Trust 2006-AR8 Mortgage Pass-Through Certificates Series 2006-AR8 ("**2006-AR8 Trust**"), is a trust formed and organized pursuant to the laws of the State of New York. 2006-AR8 Trust is therefore a citizen of New York for the purposes of determining diversity of citizenship under 28 U.S.C. § 1332(c)(1).

4. Upon information and belief, Defendant, Structured Asset Mortgage Investments II Inc. ("**SAMI II**"), is a corporation organized pursuant to the laws of the State of Delaware, and headquartered at 383 Madison Avenue, New York, New York 10179. SAMI II is therefore a citizen of Delaware for the purposes of determining diversity of citizenship under 28 U.S.C. § 1332(c)(1).

5. Defendants John & Jane Does I-X; Black Partnerships I-X; White Corporations I-X; Green Limited Liability Companies I-X; Blue Trusts I-X are fictitious entities designated herein who may have contributed to causing plaintiff's damages as

alleged herein. In the event the true identities of any of these fictitious defendants are ascertained, leave of court will be sought to amend this complaint accordingly.

**JURISDICTION AND VENUE**

6. There is diversity of citizenship between Nickolas, a citizen of Arizona, and Defendants BONY and 2006-AR8 Trust, each a citizen of New York, and Defendant SAMI II, a citizen of Delaware.

7. The amount in controversy exceeds $75,000. As explained more fully below, this lawsuit arises out of a dispute over real property estimated to be worth over $500,000.

8. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

9. The Court has personal jurisdiction over Defendants because they are conducting business in this judicial district.

10. The Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201-2202.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the real property in question is located in Maricopa County, Arizona.

**ALLEGATIONS COMMON TO ALL COUNTS**

12. Plaintiff owns real property at 21851 North 79th Place, Scottsdale, AZ 85255 ("**Nickolas Residence**").

13. To acquire the Nickolas Residence, Plaintiff entered into a loan agreement with Countrywide Bank, N.A. ("**Countrywide**"), pursuant to that certain Adjustable Rate Note dated September 19, 2006 ("Note").

14. The loan was secured by a Deed of Trust ("**Deed of Trust**") against the Nickolas Residence recorded as the Maricopa County Recorder's Instrument No. 2006-1263092. Mortgage Electronic Registration Systems, Inc. ("**MERS**") was named Beneficiary of the Deed of Trust, and Fidelity National Title Insurance Company was named Trustee of the Deed of Trust.

15. BONY, as Trustee for 2006-AR8 Trust, now purports to be the holder of the Note and/or Deed of Trust.

16. The 2006-AR8 Trust was a residential mortgage-backed security created to take in notes and deeds of trust similar to the Nickolas loan, as evidenced by that supplemental prospectus ("**Trust Agreement**") creating and governing the 2006-ARS8 Trust and the Trust's 424B5 Prospectus ("**Prospectus**"), each filed with the Securities Exchange Commission ("**SEC**"), pursuant to which the parties to the securitization of Nickolas' Note warranted to the SEC that in order to be legally conveyed and transferred to 2006-AR8 Trust, Nickolas' Note and Deed of Trust would have to be transferred as follows, without exception:

    a. Countrywide to EMC Mortgage Corporation (an affiliate of Defendant SAMI II) ("**EMC**") in a "true sale";

    b. EMC as the Sponsor and mortgage loan Seller, was supposed to sell and convey the loan, in a true sale, to Defendant SAMI II as Depositor;

     c. SAMI II was supposed to assign the Deed of Trust to the related trustee, without recourse.

17. Upon information and belief, to ensure that the rights, title, and interest in the mortgage loans were perfected, the Notes were property conveyed to the Pool, and the Deeds of Trust were properly conveyed to BONY, the Trust Agreement imposed on BONY a duty to ensure that key documents for the loans were included in the mortgage files and to promptly notify the depositor, and the related Seller, of any omissions or defects. Moreover, if the related Seller does not cure the omission or defect within a specified period after notice is given thereto by the trustee, the related Seller will be obligated to repurchase the mortgage loan from the trustee at its purchase price.

18. In order for the Trust to acquire a valid interest in the Nickolas loan, the original Note must have been endorsed (in blank or specially), and show an unbroken chain of endorsements or transfers from the original payee thereof to the person endorsing it to the Depositor of the Trust, and the original Deed of Trust must be assigned to the Trustee by the Depositor without a break in the chain as well.

19. Moreover, these assignments must have been accomplished before the trust's Closing Date of October 31, 2006 as provided in the Prospectus, or else they are void under New York state trust law.

## CLAIM ONE: DECLARATORY RELIEF

20. Plaintiff realleges the allegations contained in the foregoing paragraphs as though fully set forth herein.

21. Upon information and belief, BONY never received a timely or valid assignment of the Nickolas Note or Deed of Trust to the 2006-AR8 Trust. BONY failed to acquire a legal interest in the Nickolas Note or Deed of Trust, and therefore neither the Nickolas Note nor the Deed of Trust is part of the 2006-AR8 Trust's *res*. Therefore, neither BONY nor its agents have any right to foreclose on the Nickolas Residence.

22. Notably, Defendant filed a blank Mortgage Loan Schedule with the SEC, and did not supplement with a schedule that <u>ever</u> identified the Nickolas loan at all.

23. A *Corporation Assignment of Deed of Trust Arizona* dated August 28, 2009 was recorded with the Maricopa County Recorder's Office at Instrument No. 2009-0811381 ("**2009 Assignment**") claiming to assign the Note and Deed of Trust to "The Bank of New York Mellon f/k/a as The Bank of New York as Trustee for Holders of Structured Asset Mortgage Investments II Trust 2006-AR8 Mortgage Pass-Through Certificates Series 2006-AR8." This 2009 Assignment was executed by MERS, who is merely the nominal Beneficiary under the Deed of Trust. and ***almost THREE years after the Closing Date of the 2006-AR8 Trust***, rendering the assignment void under New York Trust law and, again, ***MERS never owned the Note*** and therefore the Deed of Trust moved without the Note attached.

24. Despite the purported 2009 Assignment, on or around August 27, 2009 a Notice of Trustee's Sale was filed against the Nickolas Residence, to enforce the Deed of Trust (Maricopa County Recorder's Instrument No. 2009-0811383) —but in this recorded document, The Bank of New York is acting as the purported Beneficiary (and <u>not</u> in a trustee's capacity).

25. A few months later, and again in spite of the purported 2009 Assignment, BAC Home Loans Servicing, LP, <u>now purporting to be Mr. Nickolas' Lender</u>, entered into a Loan Modification Agreement with Nickolas dated January 15, 2009 ("**2009 Loan Modification**"), which was allegedly signed by a representative of BAC Home Loans Servicing, LP and but not recorded until <u>two years later</u> in January 2011 in the Maricopa County Recorder's Instrument No. 2011-0208437.

26. On or around April 18, 2012, a second Notice of Trustee's Sale was filed against the Nickolas Residence, to enforce the Deed of Trust (Maricopa County Recorder's Instrument No. 2012-0329172) in which the Beneficiary was named as "The Bank of New York Mellon f/k/a as The Bank of New York, as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR8 Mortgage Pass-Through Certificates Series 2006-AR8". This Trustee's Sale was cancelled in February 2013.

27. On or around June 28, 2012, Mr. Nickolas filed an action for quiet title and declaratory judgment in the Maricopa County Superior Court (Case No. CV2012-054296), seeking to clarify who held Debtor's loan obligation and whether anyone could be identified who held a valid and enforceable lien against the Nickolas Residence.

28. As part of this litigation, Mr. Nickolas himself inquired of the servicer at the time, Bank of America, N.A., as to who the Investor of his loan obligation was, and in a letter to Mr. Nickolas dated October 31, 2012, Bank of America, N.A. asserted that Wells Fargo was the Investor on this loan.

29. Concurrently, Mr. Nickolas' attorney in that litigation also inquired of Bank of America, N.A. as to who the Investor on this loan obligation was—and received a letter

1  dated November 13, 2012 from Bank of America, N.A. asserting that "The Bank of New
2  York Mellon f/k/a as The Bank of New York, as Trustee for Structured Asset Mortgage
3  Investments II Trust 2006-AR8 Mortgage Pass-Through Certificates Series 2006-AR8" was
4  the Investor.

5  30. Also as part of that litigation, Bank of America, N.A. produced the Nickolas
6  Note, front and back, for inspection and there was only <u>one</u> endorsement, in blank, from
7  Countrywide Bank, N.A., making it impossible for SAMI II to have timely and validly
8  assigned the Note and Deed of Trust to 2006-AR8 Trust nearly five years earlier.

9  31. At the same time, a public record search revealed <u>another</u> assignment of the
10 Deed of Trust without the Note, this time from Bank of America, N.A. (which allegedly
11 acquired the original lender, Countrywide Bank, N.A., by merger) to Nationstar Mortgage,
12 LLC, dated August 3, 2013 and recorded in the Maricopa County Recorder's Instrument No.
13 2013-0782662 ("2013 Assignment").

14 32. On or around January 16, 2015, a third Notice of Trustee's Sale was filed
15 against the Nickolas Residence, to enforce the Deed of Trust (Maricopa County Recorder's
16 Instrument No. 2015-0037767) in which the Beneficiary was named as "The Bank of New
17 York Mellon f/k/a as The Bank of New York, as Trustee for Structured Asset Mortgage
18 Investments II Trust 2006-AR8 Mortgage Pass-Through Certificates Series 2006-AR8".

19 33. Mr. Nickolas inquired of Bank of America where his loan was, and was
20 provided with screen shots dated January 26, 2015 of their internal records, showing that the
21 Collateral File for this loan <u>never left the original lender</u>, Countrywide Bank, N.A., later
22

allegedly acquired by Bank of America; was never acquired by any securitized trust; and, upon information and belief, remains with Recontrust Company, N.A. to this date.

34. Throughout this entire process, Mr. Nickolas sought to clarify who held his loan obligation and to modify his loan and save his home. Eventually, Mr. Nickolas stipulated to a dismissal of the state court litigation and continued in good faith to attempt to resolve these issues with the banks directly.

35. Mr. Nickolas was never able to finalize a modification with Nationstar, or resolve his questions regarding the validity of BONY's claims, and faced with a pending foreclosure, Mr. Nickolas was forced to seek relief under Chapter 13 the Bankruptcy Code on July 24, 2015 in the Bankruptcy Court for the District of Arizona.

36. On or around December 7, 2015, after Mr. Nickolas objected to BONY's Motion for Relief from Stay and Proof of Claim in the bankruptcy case, Bank of America *as Attorney in Fact for Nationstar Mortgage, LLC* filed a "Corrective Assignment of Deed of Trust" ("2015 Corrective Assignment") alleging that the 2013 Assignment was recorded by Bank of America, N.A. in error and asserting that "The Bank of New York Mellon f/k/a as The Bank of New York, as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR8 Mortgage Pass-Through Certificates Series 2006-AR8" is the correct assignee. This is now over NINE years past the Closing Date for the trust.

37. This 2015 Corrective Assignment claims that Bank of America, N.A. is authorized to file such an assignment pursuant to that power of attorney dated May 20, 2014 and recorded as the Maricopa County Recorder's Instrument No. 2014-0326254 ("Limited Power of Attorney")—a Limited Power of Attorney granted to Bank of America, N.A. as

- 9 -

1 Seller of mortgage servicing rights, by Nationstar Mortgage, LLC as Buyer of such rights, *solely to file Corrective Assignments* essentially acknowledging that the loans in question are in disarray. However, the Limited Power of Attorney makes <u>no reference</u> to Mr. Nickolas' loan specifically.

38. Upon information and belief, Defendant attempted to cover-up their failure to validly acquire the Nickolas Note and Deed of Trust as mandated by the Trust Agreement and Prospectus by executing and filing fabricated assignments and other recorded documents.

39. On or around January 6, 2016, the third trustee's sale was cancelled.

40. Mr. Nickolas spent almost 18 months in bankruptcy, trying to work with BONY's servicer, Nationstar, to resolve these issues. Believing that the parties were close to a mutual resolution, Mr. Nickolas voluntarily dismissed his bankruptcy case on or about December 28, 2016.

41. However, since the dismissal of his bankruptcy case, the parties have failed to reach a satisfactory settlement. Mr. Nickolas still has no clarity as to who holds his Note and/or Deed of Trust, or whether BONY has the right to enforce it or even enter into a binding loan modification agreement.

42. Moreover, even if somehow the 2006-AR8 Trust *had* validly acquired an interest in the Note and/or Deed of Trust, under the express terms of the Prospectus and Trust Agreement, BONY cannot foreclose without the express, written consent of 25% of the Certificate holders that hold rights to the section of the pool of promissory notes into

which the Nickolas Note was allegedly pooled and securitized. Upon information and belief, BONY has never secured such written authorization from the certificate holders.

43. In addition, the Certificate holders were paid all of the monies owed to them under the Trust terms by BONY, and therefore can demonstrate no damages based on any of the payments made by Mr. Nickolas.

44. Mr. Nickolas is entitled to have this Court determine whether The Bank of New York Mellon f/k/a as The Bank of New York as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR8 Mortgage Pass-Through Certificates Series 2006-AR8 holds either the Note or the Deed of Trust on his residence, and/or whether BONY has any right or authority to enforce a claim against the Nickolas Residence.

45. Multiple claims of ownership have been asserted in various filings and communications, such that Debtor seeks this Court's assistance in determining the extent and validity of such competing claims.

46. Upon the Court's determination that <u>no Defendant named herein holds his Deed of Trust, nor has the right to enforce the Deed of Trust</u>, Mr. Nickolas is entitled to the Court's Order that 2006-AR8 Trust, its Trustees, Agents, Assigns, Servicers and Attorneys-in-Fact be enjoined and prohibited from the enforcement of the Deed of Trust.

**WHEREFORE**, Plaintiff, Steven Paul Nickolas, asks for the following relief and order of the Court:

1. Determining that The Bank of New York Mellon f/k/a as The Bank of New York as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR8 Mortgage

Pass-Through Certificates Series 2006-AR8 does not hold a right to enforce the Deed of Trust on the residence at 21851 North 79th Place, Scottsdale, AZ 85255.

2. Determining that Structured Asset Mortgage Investments II Trust 2006-AR8 Mortgage Pass-Through Certificates Series 2006-AR8 does not hold a right to enforce the Deed of Trust on the residence at 21851 North 79th Place, Scottsdale, AZ 85255.

3. Determining that Structured Asset Mortgage Investments II, Inc does not hold a right to enforce the Deed of Trust on the residence at 21851 North 79th Place, Scottsdale, AZ 85255.

4. Enjoining and prohibiting each and every Defendant, its Trustees, Agents, Assigns, Servicers and Attorneys-in-Fact from enforcing any claim or interest in the Deed of Trust on the residence at 21851 North 79th Place, Scottsdale, AZ 85255.

**RESPECTFULLY SUBMITTED** this 26th day of April, 2017.

DAVIS FAAS BLASE, PLLC

_____
Robin L. Dugas, Esq. (022860)
Greg R. Davis, Esq. (014387)
*Attorney for Plaintiff*

# VERIFICATION

STATE OF ARIZONA      )
                     ) ss.
County of Maricopa    )

Steven Nickolas is the Plaintiff in the foregoing entitled and numbered cause, and being first duly sworn upon Plaintiff's oath, deposes and says:

That Plaintiff has read the foregoing Complaint and knows the contents thereof, and that the matters and things stated therein are true to the best of Plaintiff's own personal knowledge, except as to those matters therein stated upon information and belief, and as to those matters Plaintiff believes them to be true.

_____
Steven Nickolas, Plaintiff

**SUBSCRIBED AND SWORN** to before me, a notary public, this 25th day of April, 2017.

_____
Notary Public

Notary Seal:

SIOBHAN JULIE WATTS
NOTARY PUBLIC, ARIZONA
MARICOPA COUNTY
My Commission Expires
November 3, 2019

- 13 -