**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Paul Nickolas, | No. CV-17-01234-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Bank of New York Mellon, *et al.*, | |
| Defendants. | |

At issue is Defendants The Bank of New York Mellon f/k/a the Bank of New York as Successor in Interest to JP Morgan Chase Bank, N.A. Solely in its Capacity as Trustee for the Structured Asset Mortgage Investments II Trust 2006-AR8 Mortgage Pass-Through Certificates Series 2006-AR8 and Structured Asset Mortgage Investments II, Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. 19, MTD), to which Plaintiff Steven Paul Nickolas filed a Response (Doc. 26, Resp.) and concurrent Motion for Leave to File First Amended Complaint (Doc. 25, MTA). In this Order, the Court will also resolve Plaintiff's Application for Temporary Restraining Order, Preliminary and Permanent Injunctions (Doc. 31). No party requested oral argument for these matters, nor did the Court deem it necessary to resolve the pending Motions. *See* LRCiv 7.2(f).

To begin with, Defendants did not oppose Plaintiff's Motion to Amend, so Plaintiff would ordinarily be entitled to summary disposition of that Motion. *See* LRCiv 7.2(i). However, Plaintiff's Response to Defendants' prior-filed Motion to Dismiss fails to meet any of the arguments in Defendants' Motion except for Defendants' request for

the Court to dismiss this case on *res judicata* grounds. To the extent Defendants argue that Plaintiff fails to state a claim, Plaintiff simply states that the "First Amended Complaint contains sufficient factual matter that, when accepted as true and viewed in the light most favorable to the nonmoving party, 'states a claim of relief that is plausible on its face.'" (Resp. at 2-3.) This is simply a statement of the motion to dismiss standard and not a substantive argument as to why Defendants' grounds for dismissal of Plaintiff's claim lack merit. As a result of Plaintiff's failure to meet Defendants' arguments, the Court would also find that Defendants are entitled to summary disposition of their Motion to Dismiss for failure to state a claim. *See* LRCiv 7.2(i). The Court has neither the obligation nor capacity to examine the Complaint or Proposed First Amended Complaint and make Plaintiff's arguments against dismissal on behalf of Plaintiff. *See, e.g.*, *F.D.I.C. v. Garner*, 126 F.3d 1138, 1145 (9th Cir. 1997) (finding that the court may conclude that a party that presents no applicable case law in support of an argument waives it); *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. We will not do his research for him." (internal quotations omitted)).

The Court will nonetheless examine Defendants' arguments for dismissal of Plaintiff's claims for failure to state a claim, albeit in the absence of any counterargument from Plaintiff. The Court will also consider Defendants' contention that Plaintiff's claim is barred by the doctrine of *res judicata*.

**I.     BACKGROUND**

According to the Proposed First Amended Complaint (Doc. 25-1, PFAC) and the judicially-noticed documents in the public record or central to Plaintiff's allegations[1]

---

[1] Defendants ask the Court to judicially notice numerous documents that are either in the public record and whose authenticity is not disputed, or that are central to Plaintiff's allegations. (Doc. 20.) Plaintiff did not oppose Defendants' request, and the Court sees no impediment to judicially noticing these documents for the purpose of resolving Defendants' Motion to Dismiss. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

- 2 -

(Doc. 20), in 2006, Plaintiff obtained a loan for $896,500 through a Note and secured by a Deed of Trust against real property in Scottsdale, Arizona. The Deed of Trust states:

> The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A Sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note.

(Doc. 20 Ex. 1.) Countrywide Bank, N.A. was the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") was the beneficiary and "nominee for the lender and the lender's successors and assigns" under the terms of the Deed of Trust. (Doc. 20 Ex. 1.)

Once originated, the loan was deposited in a securitized trust—Plaintiff alleges wrongly—by Defendant Structured Asset Mortgage Investments II Inc. ("SAMI") The judicially-noticed property records proffered by Defendants show that, in August 2009, MERS assigned all beneficial interest and rights under the Deed of Trust to Defendant The Bank of New York Mellon f/k/a the Bank of New York as Successor in Interest to JP Morgan Chase Bank, N.A. Solely in its Capacity as Trustee for the Structured Asset Mortgage Investments II Trust 2006-AR8 Mortgage Pass-Through Certificates Series 2006-AR8 ("BNYM"), and BNYM substituted ReconTrust Company, N.A. as successor trustee. (Doc. 20 Exs. 2-3.)

In 2009, Plaintiff defaulted on the loan and ReconTrust recorded a Notice of Trustee's Sale but, after Plaintiff received a permanent loan modification, the sale was cancelled in January 2010. (Doc. 20 Exs. 4-6.) In 2012, Plaintiff defaulted on the loan again, and ReconTrust recorded a Notice of Trustee's Sale for a sale to take place in July 2012. In a prior lawsuit, Plaintiff filed suit against BNYM's trust,[2] MERS, and other

---

[2] Plaintiff sued the trust implicated in the present lawsuit, Structured Asset Mortgage Investments II Trust 2006-AR8 Mortgage Pass-Through Certificates Series 2006-AR8.

parties on June 28, 2012. (Case No. 2:12-cv-01922-ROS.) During the pendency of that litigation, BNYM substituted Quality Loan Service Corporation ("Quality") as trustee. (Doc. 20 Ex. 10.) In March 2015, Plaintiff stipulated to dismiss the case with prejudice. (Doc. 20 Exs. 25, 26.) Around the same time, Quality recorded a Notice of Trustee's Sale for a sale to take place in April 2015, which was eventually cancelled. (Doc. 20 Exs. 11, 13.)

In July 2015, Plaintiff filed for Chapter 13 bankruptcy protection. (Case No. 2:15-bk-09321-BKM.) In the bankruptcy proceeding, Plaintiff filed an adversary proceeding (Case No. 2:16-ap-00060-BKM) alleging, as he does in this lawsuit, that the assignments of interest and rights under the Deed of Trust were wrongful and that BNYM lacked standing to foreclose. (Doc. 20 Exs. 28-30.) Plaintiff voluntarily dismissed the bankruptcy and adversary proceedings in December 2016 and filed the present case in April 2017. (Doc. 1, Comp.; Doc. 20 Exs. 28, 29.)

In the PFAC, Plaintiff seeks declaratory relief in the form of a determination whether BNYM holds the Note or Deed of Trust on Plaintiff's residence such that it has a right to enforce a claim against the residence by way of a foreclosure action. (PFAC ¶ 32.) Defendant moves to dismiss Plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6) both because it is barred by the doctrine of *res judicata* and because Plaintiff fails to state a claim as a matter of law.

**II.    LEGAL STANDARD**

A complaint must include "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also* Fed. R. Civ. P. 8(a). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a

1 | plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III. ANALYSIS

### A. Failure to State a Claim

#### 1. Securitization

With regard to Plaintiff's allegations regarding the propriety of the securitization of his loan, Defendants argue that Plaintiff lacks standing to contest the assignment of his loan into a securitized trust. (MTD at 12 (citing *Lial v. Bank of Am. Corp.*, 2016 WL 372098, at *1 (9th Cir. Jan. 29, 2016).) Plaintiff's amendments to the Complaint in the PFAC do nothing to resolve this defect, nor does Plaintiff cite any legal authority or argue to the contrary in his Response. The Ninth Circuit has concluded that a party such as Plaintiff has no standing to challenge the validity of an assignment or the securitization of his loan. *Lial*, 2016 WL 372098, at *1 (applying analogous Nevada law); *see also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir. 2011) (concluding that the plaintiffs failed to demonstrate injury resulting from no party being in a position to foreclose through, for example, affecting the terms of their loans, their ability to repay their loans, or their obligations as borrowers). Moreover, amendment of the Complaint would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (noting that leave to amend should not be given when complaint's defects cannot be cured).

. . . .

. . . .

### 2. Holder of the Note

Plaintiff's claim that BNYM is required to demonstrate it holds the Note before initiating foreclosure proceedings (*e.g.*, PFAC ¶ 32) is contrary to the applicable case law, and Plaintiff provides no opposing authority or argument to Defendants' motion to dismiss on these grounds (MTD at 12-13). The Supreme Court of Arizona and this Court have rejected the "show me the note" or "holder of the note" argument repeatedly. *See, e.g., Hogan v. Washington Mutual Bank, N.A.*, 277 P.3d 781, 782-83 (Ariz. 2012) (holding that "Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or 'show the note' before the trustee may commence a non-judicial foreclosure."); *Diessner v. MERS*, 618 F.Supp.2d 1184, 1187 (D. Ariz. 2009) (holding that defendants had no obligation to prove they are the "owner of the Note and Deed of Trust."). While a creditor seeking to directly enforce the note in the face of default under a Uniform Commercial Code action would be required to prove its authority, Arizona's non-judicial foreclosure statutory scheme was created specifically to avoid the time and expense of that cumbersome procedure. Under A.R.S. §§ 33-801 *et seq.*, when the parties have executed a deed of trust and the debtor thereafter defaults on the promissory note, a beneficiary or trustee need not prove they are entitled to enforce the note or deed before holding a non-judicial foreclosure sale. That party merely must do two things: record the notice of trustee's sale pursuant to § 33-808; and then send the trustor notice of the default, signed by the beneficiary or his agent, setting forth the unpaid principal balance. A.R.S. § 33-809(C); *Hogan*, 277 P.3d at 783. Plaintiff's claim thus fails as a matter of law, and amendment of the Complaint would be futile.

### 3. Unity of the Note and Deed of Trust

While Plaintiff deleted several of the factual allegations in the Complaint that the Note and Deed of Trust were severed during securitization, Plaintiff still claims in the PFAC that the Structured Asset Mortgage Investments II Trust 2006-AR8 Mortgage Pass-Through Certificates Series 2006-AR8 "does not hold a right to enforce the Deed of Trust." (PFAC at 15 ¶ 2.) To the extent Plaintiff still claims that securitization resulted in

severance of the Note and Deed of Trust, making them unenforceable, that argument fails, *see Vawter v. ReconTrust Co., N.A.*, 2014 WL 1259293, at *1 (9th Cir. Mar. 28, 2014), and Plaintiff provided the Court with no authority or argument to the contrary. Amendment of the Complaint would again be futile.

### 4. Ownership of the Note and MERS as Beneficiary

Defendants' contention that Plaintiff's allegations fail to the extent they state that MERS could not assign a beneficial interest under the Deed of Trust because it "never owned the Note" and MERS was only a "nominal" beneficiary (Compl. ¶¶ 23-24) is moot, because Plaintiff deleted those allegations in the PFAC. The Court agrees with Defendants that, under Arizona law, *see Maxa v. Countrywide Loans, Inc.*, No. CV-10-8076-PCT-NVW, 2010 WL 2836958, at *6 (D. Ariz. July 19, 2010), a beneficiary under a Deed of Trust need not own the Note, and the judicially-noticed record shows that MERS was the beneficiary with capacity to assign its interest to BNYM. (MTD at 13.) Moreover, MERS may serve as beneficiary in the context of non-judicial foreclosures. *Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1169 (9th Cir. 2013). Because any new allegation Plaintiff makes as to impropriety in these respects fails as a matter of law, amendment would again be futile.

In sum, Plaintiff's claim for declaratory relief in this matter fails as a matter of law—a proposition that Plaintiff neither cured in the PFAC nor bothered to oppose by meeting Defendants' arguments in the Response to the Motion to Dismiss—and the Court cannot conclude that any further amendment will cure the defects in Plaintiff's Complaint and PFAC. As a result, the Court must dismiss Plaintiff's claims with prejudice.

### B. *Res Judicata*

Defendants also argue that, even if Plaintiff had successfully stated a claim, the claim is barred by the doctrine of *res judicata*. The judicially-created doctrine of *res judicata*, or claim preclusion, "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). The doctrine exists to prevent

litigation on claims for which recovery was previously available to litigants and to ensure finality of judicial decisions. *Brown v. Felsen*, 442 U.S. 127, 131 (1979).

Because Plaintiff brings his cause of action under a federal statute, the Court applies the federal standard of *res judicata*. For *res judicata* to apply, there must be: 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between the parties. *Owens,* 244 F.3d at 713. "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." *Id.* at 714 (quoting *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000)).

Defendants contend that Plaintiff either already brought or could have brought his present claim in his 2012 lawsuit in this District, Case No. 2:12-cv-01922-ROS. In their Motion to Dismiss (MTD at 8-12), Defendants demonstrate each of the *res judicata* elements, and Plaintiff contests only element (3) by arguing that BNYM "was never a party to the earlier action" (Resp. at 4).

In the 2012 lawsuit, Plaintiff named as a defendant the trust that is also the subject of, and Defendant in, the present lawsuit, Structured Asset Mortgage Investments II Trust 2006-AR8 Mortgage Pass-Through Certificates Series 2006-AR8. But Plaintiff also named as a defendant Bank of America, N.A. ("BANA") instead of BNYM in that lawsuit.[3] Defendants argue that the law provides a trust cannot be sued, but rather the trustee must be named as the defendant, and thus BNYM was in effect named as a defendant in the 2012 lawsuit. Defendants also contend that the Court in the 2012 lawsuit proceeded as if the trustee, BNYM, was named as a defendant. (MTD at 10-11 & n.34.)

But the Court in that lawsuit never thus concluded, or even identified BNYM as trustee, and that case was dismissed on Plaintiff's voluntary dismissal with prejudice of his claims against the defendants. The dismissal may very well have been based in part

---

[3] Defendants provide documents showing that, in 2013, BANA recorded an assignment even though it had no recorded interest in the Deed of Trust. (Doc. 20 Ex. 9.) In December 2015, a correction was recorded to confirm BNYM, not BANA, held all beneficial interest and rights under the Deed of Trust. (Doc. 20 Ex. 12.)

on the fact that the Trust and/or BANA were improper defendants, so the Court cannot now conclude that an identity of parties exists between this and the 2012 lawsuit.[4] As a result, *res judicata* would not act to bar Plaintiff's present claim. However, as the Court concluded above, Plaintiff's claim fails as a matter of law.

IT IS THEREFORE ORDERED granting Defendants The Bank of New York Mellon f/k/a the Bank of New York as Successor in Interest to JP Morgan Chase Bank, N.A. Solely in its Capacity as Trustee for the Structured Asset Mortgage Investments II Trust 2006-AR8 Mortgage Pass-Through Certificates Series 2006-AR8 and Structured Asset Mortgage Investments II, Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. 19). Plaintiff's claim in this lawsuit is dismissed with prejudice.

IT IS FURTHER ORDERED denying as moot Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 25) and Application for Temporary Restraining Order, Preliminary and Permanent Injunctions (Doc. 31).

IT IS FURTHER ORDERED directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 12th day of July, 2018.

Honorable John J. Tuchi
United States District Judge

---

[4] Plaintiff did file his present claim against BNYM in the 2016 adversary proceeding, Case No. 2:16-ap-00060-BKM, within his 2015 bankruptcy proceeding, Case No. 2:15-bk-09321-BKM, but the Bankruptcy Court dismissed that claim without prejudice.